IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CYNDI KING, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. 3:17-CV-2983-M-BK |
| | § | |
| MAGISTRATE RAMIREZ, | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was automatically referred to the United States magistrate judge. On October 30, 2017, Plaintiff, proceeding *pro* se, filed an *Original Petition* against Defendant United States Magistrate Judge Ramirez. Doc. 3. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. Upon review of the relevant pleadings and law, and for the reasons that follow, this case should be summarily **DISMISSED WITH PREJUDICE**.

Because Plaintiff is proceeding *in forma pauperis*, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers."); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice"). Even under this most liberal construction, however, Plaintiff's claims are legally frivolous.

Plaintiff has filed this suit against Magistrate Judge Ramirez due to Plaintiff's dissatisfaction with Judge Ramirez's participation in a different civil action brought by Plaintiff – *King v. DFPS*, No. 3:17-CV-2936-L-BH (N.D. Tex.). Doc. 3 at 1. Specifically, Plaintiff seeks to stop Magistrate Judge Ramirez "from judging 3:17-CV-02936-L-BK." Doc. 3 at 2. She asserts that "Mag Ramirez has no legal reason to accept reassignment from Judge Lindsey. Therefore I am filing this motion to stop Mag. Ramirez from holding up the legal process." Doc. 3 at 1. Without regard to the efficacy or accuracy of any of Plaintiff's assertions, she has no legal basis for, and offers no legal authority in support of, what amounts to a collateral attack on another civil proceeding pending in this Court. Accordingly, the complaint should be summarily dismissed with prejudice as legally frivolous.

Ordinarily, a *pro se* plaintiff should be granted leave to amend her complaint prior to dismissal, but leave is not required when she has already pled her "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). Here, the facts as alleged by Plaintiff clearly establish that her claims are fatally infirm. Thus, granting leave to amend would be futile and cause needless delay.

## II. SANCTION WARNING

Since October 24, 2017, Plaintiff has filed 8 cases in this court.[1] In at least two of those cases, the magistrate judge recommended that the case be summarily dismissed for want of

---

[1] Plaintiff's other actions include *King v. 305th Court*, 3:17-CV-02921-N-BK; *King v. Shannon*, 3:17-CV-02922-K-BN; *King v. DFPS*, 3:17-CV-02936-L-BH; *King v. Mag Horan*, 3:17-CV-

jurisdiction or for failure to state a claim.  *See King v. Shannon*, 3:17-CV-02922-K-BN (N.D. Tex. Oct. 30, 2017) (awaiting review of magistrate judge's recommendation denying motion for TRO and for a preliminary injunction, and  dismissing case for want of jurisdiction under *Rooker-Feldman* doctrine); *King v. Toliver*, 3:17-CV-02985-B-BN (N.D. Tex. Nov. 1, 2017) (awaiting review of magistrate judge's recommendation dismissing case for failure to state a claim and warning that monetary sanctions may be imposed if plaintiff persists in filing cases substantively similar to the claims raised in this action).

      Given Plaintiff's filing history and the frivolous nature of the claims asserted in this case, Plaintiff should be warned that if she persists in filing frivolous or baseless cases, the Court may impose monetary sanctions and/or bar her from bringing any further action.  *See* FED. R. CIV. P. 11(b)(2) & (c)(1) (providing for sanctions against *pro se* litigants or attorneys).  Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993); *see also Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802-03 (5th Cir. 2003) (a violation of any provision of Rule 11(b) justifies sanctions).  *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir.1986).  Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees -- indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

---

02984-G-BK; *King v. Toliver*, 3:17-CV-02985-B-BN; *King v. Social Security Administration*, 3:17-CV-02991-C-BF; *King v. Lara*, 3:17-CV-02992-G-BH.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be summarily **DISMISSED WITH PREJUDICE** as frivolous, *see* 28 U.S.C. § 1915(e)(2)(B), and that Plaintiff be **WARNED** that if she persists in filing frivolous or baseless actions, the Court may impose monetary sanctions and/or bar her from bringing any further action.

**SIGNED** November 3, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE